IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                    PLAINTIFF

v.                              NO. 4:17-CV-711-JM

KENNETH HIXSON,                                                    DEFENDANTS
DAVID GLOVER,
PHILLIP WHITEAKER, and the
STATE OF ARKANSAS

BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

## I.      INTRODUCTION

In his original Complaint, Plaintiff David Stebbins alleges Arkansas Court of

Appeals Judges Kenneth Hixson, David Glover, and Phillip Whiteaker refused to

enforce their September 6, 2017 Mandate, per his request, therefore denying him

access to the Boone County Circuit Court. (DE 2)  Specifically, Stebbins alleges the

judges violated his first amendment rights pursuant to 42 U.S.C. § 1983 and did so

in retaliation for Stebbins' extensive litigation history.  In his amended Complaint

(DE 6), Stebbins adds additional facts, but no new claims against these defendants.

Judges Hixson, Glover, and Whiteaker deny Stebbins' allegations in their entirety.

According to his Complaint (DE 2), Stebbins was arrested on criminal

charges initiated by his father in 2011. (DE 2, ¶ 18(a)).  In 2012, Stebbins filed a

civil suit against his father in the Boone County Circuit Court (*Stebbins v.*

*Stebbins*, 2012-85-4). In his original state court Complaint, Stebbins asserted six

claims against his father. (DE 2, ¶ 20).  Stebbins amended his state court

Complaint to add four additional claims against his father, for a total of ten. (DE 2, ¶ 21).

Stebbins claims that on or about January 23, 2015, Boone County Circuit Court Special Judge Russell Rogers issued an Order via email dismissing *sua sponte* eight of the ten claims against his father. (DE 2, ¶ 21).   Stebbins and his father proceeded to a jury trial on the two remaining claims. (DE 2, ¶ 22)  The jury returned a verdict against Stebbins and in favor of his father. (*Id.*)

Stebbins filed an appeal with the Arkansas Court of Appeals ("COA"). (DE 2, ¶ 23)  On September 7, 2016, the COA[1] entered an Opinion Order. (*Id.*)  The COA held that, because of numerous deficiencies in the record, the case was remanded to the trial court for two reasons:  (a) to settle the record to include a letter from the trial judge to the parties dated January 23, 2015, if it existed and was, indeed, part of the official record of the case; and (b) for the appellant to supplement the record with an accurate and impartial abstract of the material parts of the transcript, consistent with the abstracting rules, as well as a complete addendum. (*Stebbins v. Stebbins*, 2016 Ark. App. 385)

Approximately three months later, on December 2, 2016, Stebbins filed suit against the State of Arkansas and the Boone County Circuit Clerk, alleging violations of his constitutional rights regarding the identical facts stated above. (See *David A. Stebbins v. State of Arkansas, et al*, EDAR 4:16CV00878[2] – BSM; then

---

[1] Judge Hixson wrote the Opinion, with Judges Kinard and Whiteaker agreeing.
[2] The Court may take judicial notice of Stebbins' litigation.

transferred to the Western District of Arkansas and assigned Case No. 3:17CV03016 - TLB).

On March 21, 2017, the Boone County Circuit Clerk supplemented the appellate record in CV-16-16 by submitting an Affidavit, in which the Clerk attested there were no Orders dated January 23, 2015 filed in Boone County Case No. 2012-85-4 (*Stebbins v. Stebbins).* (DE 2, ¶ 27)   Re-briefing in appellate case CV-16-16 resumed on March 30, 2017.

Stebbins' case of *Stebbins v. State of Arkansas, et al* (3:17CV03016) was dismissed with prejudice on April 17, 2017 due to Stebbins' failure to state a claim under Section 1983 as well as stating meritless and frivolous allegations. (3:17CV03016, see DE 49)

On September 6, 2017, the Court of Appeals[3] dismissed Stebbins' appeal in CV-16-16 for lack of jurisdiction[4]. (*Stebbins v. Stebbins*, 2017 Ark. App. 428) The Court's lack of jurisdiction was due to the absence of a final, appealable order.  A Mandate was issued that same day.  The Mandate read as follows:

> This appeal was submitted to the Arkansas Court of Appeals on the record of the Boone County Circuit Court and briefs of the respective parties.  After due consideration, it is the decision of the Court that the appeal is dismissed for the reasons set out in the attached Opinion.

Unlike the September 2016 Opinion, neither the Opinion nor the Mandate issued on September 6, 2017 remanded the case to the circuit court or otherwise directed the circuit court or it's clerk to take any specific action.

---

[3] Judge Hixson wrote the Opinion, with Judges Glover and Whiteaker agreeing.
[4] Stebbins alleges, mistakenly, that this matter was "sent back to the Circuit Court to adjudicate the remaining claims" in September 2017. (DE 2, ¶ 26)

3

On September 27, 2017, Stebbins filed a Motion and Brief to Enforce Mandate. (DE 2, ¶ 28)  In it, Stebbins asked the COA to "force Rhonda Watkins to accept continued pleadings in the Circuit Court case" and for Special Judge Ted Capeheart to pass a ruling on the merits of the right remaining claims.  Stebbins' motion was denied on October 25, 2017. (*Id.*)

On November 1, 2017, Circuit Court Judge Capeheart did in fact issue a final order in *Stebbins v. Stebbins*, 2012-85-4, in which he addressed the supposed eight remaining claims. In his Order, Judge Capeheart explained, in detail, how the issues had already been addressed by the parties prior to the jury being seated, and how the parties understood there were only two remaining claims to proceed to jury trial. (See CV-16-16)  Judge Capeheart cited to portions of the 2,000+ page trial transcript as well as the case file in his Order.

On November 7, 2017, Stebbins filed his Second Motion to Enforce Mandate in which he attached a copy of Judge Capeheart's Order. (DE 6, ¶ 3)  In his second motion, Stebbins suggested he was entitled to a trial on the eight "remaining" claims and that Judge Capeheart's Order dismissing all claims was not sufficient or in compliance with the COA's mandate.

Stebbins filed the present lawsuit on October 31, 2017 (DE 2), prior to the issuance of Judge Capeheart's Order, alleging violations of his constitutional rights. Specifically, Stebbins alleged first Amendment violations against Arkansas Court of Appeals Judges Kenneth Hixson, David Glover, and Phillip Whiteaker pursuant to 42 U.S.C. § 1983 for not enforcing the Court's September 2017 Mandate.   In

4

addition, Stebbins alleged the State of Arkansas has violated Title II of the Americans with Disabilities Act by retaliating against Stebbins for his extensive litigation history. Stebbins filed an amended Complaint in this matter on December 11, 2017; however, no new claims were asserted against the three judges. (DE 6)

The identical facts and claims underlying this case were previously brought against the State of Arkansas and the Boone County Circuit Clerk in *David A. Stebbins v. State of Arkansas, et al.*, Case No. 3:17CV03016 TLB-MEF. Stebbins' first case (3:17CV03016) was dismissed with prejudice on April 17, 2017 due to Stebbins' failure to state a claim under Section 1983 as well as stating meritless and frivolous allegations. Stebbins appealed the dismissal, and on October 3, 2017, the Eighth Circuit Court of Appeals affirmed the district court's dismissal with prejudice. (17-1920).

To the extent Stebbins is challenging the September 2016 Order issued by the defendants which did include a remand, those claims should be barred by res judicata and collateral estoppel.

If, however, it is determined that the claims against one or more of the defendants are not barred by res judicata or collateral estoppel, they should nevertheless be dismissed.

Stebbins has failed to state a claim upon which relief may be granted against Judges Hixson, Glover, and/or Whiteaker; therefore, they are entitled to the dismissal of all claims against them. If, however, it is determined that Stebbins has

indeed stated a claim, the judges are nevertheless entitled to absolute judicial immunity.

Additionally, as these three defendants are being sued in their official capacities only, Stebbins may not recover money damages against them.

Lastly, Stebbins requests two forms of injunctive relief; however, neither of these two requests are directed to Judges Hixson, Glover, or Whiteaker. First, Stebbins asks this Court to order the Circuit Court (a non-party) to reopen Case No. 2012-85-4 and allow Stebbins to file pleadings in it in an effort to "resolve" the "unresolved" eight claims. Stebbins' first request is now moot, as a final Order addressing the eight claims was entered on November 1, 2017. Stebbins has a copy of the Order and in fact attached it to one of his pleadings in Case No. CV-16-16. Stebbins' second request, which is to obtain "an everlasting injunction against the State of Arkansas to permanently and perpetually cease and desist retaliating against me for any act of ADA retaliation." Should Stebbins obtain proper service on the State of Arkansas, this request would be addressed at that time; however, it can be affirmatively stated that Stebbins is not being retaliated against by anyone or anything, including the State of Arkansas. His requests are without merit.

Stebbins is not seeking monetary damages against the three judges; however, to the extent he is, his claims must fail as he is not entitled to monetary relief against state employees in their official capacity. For the reasons stated below, the defendants are entitled to the dismissal of all claims against them. Stebbins' Complaint should be dismissed with prejudice.

## II.    STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a motion to dismiss should be granted in favor of defendants on plaintiff's claims if plaintiff "fail[s] to state a claim upon which relief can be granted."  A Complaint should be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff's Complaint can prove no set of facts to support the plaintiff's purported cause of action.  *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). In determining whether to dismiss this Complaint under Rule 12(b)(6), the Court will assume the facts alleged in the Complaint are correct and will draw reasonable inferences from the facts in favor of the allegations in the Complaint. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002); *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002).

Dismissal under Rule 12(b)(6) operates to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.  *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  To avoid dismissal, a Complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  Legal conclusions, unsupported conclusions, and unwarranted inferences must be ignored and fail to withstand a Rule 12(b)(6) motion.  *See Farm Credit Svcs. v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003).

Because Stebbins can present no set of facts that would entitle him to relief against Judges Hixson, Glover, and Whiteaker, his Complaint should be dismissed with prejudice.

### III.   ARGUMENTS

A.   <u>Some, if not all, of Stebbins' claims are barred by res judicata and collateral estoppel</u>.

The preclusion principle of res judicata prevents "the re-litigation of a claim on grounds that were raised or could have been raised in the prior suit." *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir.1990).   We undertake a three part inquiry to determine whether res judicata applies addressing these issues:   (1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases.   *Id.*

With regard to the third requirement of res judicata, we "adopted the position of the Restatement (Second) of Judgments in determining whether two causes of action are the same for res judicata purposes."   *Id.* at 742.   Section 24 of the Restatement (Second) of Judgments provides that:   When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar[,] ... the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

What factual grouping constitutes a 'transaction,' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such

considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. RESTATEMENT (SECOND) OF JUDGMENTS § 24.   Thus, "a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." *Lane,* 899 F.2d at 742 (citations omitted);  *see also Ruple v. City of Vermillion,* 714 F.2d 860, 861 (8th Cir.1983).

"Collateral estoppel 'bars the re-litigation of factual or legal issues that were determined in a prior ... court action, and applies to bar re-litigation in federal court of issues previously determined.' "  *In re Elisabeth Scarborough,* 171 F.3d 638, 641 (8th Cir.1999);  *see also Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).   "Originally, collateral estoppel was limited by the principle of mutuality, which provided that 'neither party could use a prior judgment as an estoppel against the other unless both parties were bound by the judgment.' "  *Lane,* 899 F.2d at 741 (citation omitted).   Under federal law, the mutuality requirement has long been abandoned and a party may now "rely on collateral estoppel even though he or she is not bound by the prior judgment if the party against whom it is used had a full and fair opportunity and incentive to litigate the issue in the prior action."  *Id.*

In his Complaint, Stebbins' underlying argument is that the Boone County judge (a non-party) who presided over *Stebbins v. Stebbins*, 2012-85-4 failed to enter an Order into the Court's record in January 2015.  As a result, Stebbins claims he

has been unable to obtain a resolution for all ten claims he brought against his father in 2012.  It is undisputed that two of the claims were resolved (albeit not to his satisfaction) by a jury.  It is the "remaining" eight claims which are at issue.

The basis of Stebbins' 2016 lawsuit[5] against the State of Arkansas and the Boone County Circuit Clerk was the same as the present lawsuit.  As such, it would appear that the claims against these defendants could have been brought in 2016, which Case No. CV-16-16 was remanded to the circuit court.  Stebbins, however, chose not to seek enforcement of that remand, although he states in his Complaint that as of December 2016 (when he filed his first case on this issue) the circuit clerk had not complied with the remand order, and the COA had not enforced their September 2016 Opinion Order.  For these reasons alone, Stebbins' claims in his present lawsuit should be barred by res judicata and collateral estoppel.

B.    <u>Judges Hixson, Glover, and Whiteaker are entitled to judicial immunity.</u>

"Judicial immunity is immunity from suit, not just from ultimate assessment of damages"; *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the

---

[5] *Stebbins v. State of Arkansas, et al*, 3:17CV03016 TLB.

complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). It is clear from the allegations of the Complaint that neither situation applies here. As a result, the Defendants are entitled to judicial immunity.

In his Complaint, Stebbins argues the defendants were acting in their enforcement (non-judicial) capacity, and as such, they are not entitled to judicial immunity. Stebbins' theory is without merit.

In support of his argument, Stebbins offers the case of *Supreme Court of Virginia v. Consumers Union of United States, Inc.*, 446 U.S. 719, 736-737 (1980). The issue in *Consumers Union* pertained to the Court's promulgation and regulation of the Virginia Code of Professional Responsibility and the Court's enforcement actions pertaining to these standards – not the judicial enforcement of court orders issued by the same court. The nature and history of the claims in *Consumers Union* and in Stebbins lawsuit are completely different.

The allegations in Stebbins' Complaint indicate that the alleged wrongful acts committed by the three judges ("refusal" to enforce a Mandate that did not direct any action of the lower Court) were judicial acts, performed within the scope of their duties, which were within the jurisdiction of the Arkansas Court of Appeals. As a result, Judges Hixson, Glover, and Whiteaker are entitled to judicial immunity.

C.    Stebbins has failed to state a viable First Amendment Retaliation claim against Defendants Hixson, Glover, and Whiteaker.

To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, Stebbins must show that: (1) he engaged in a protected activity; (2) he suffered an

adverse action that would chill a person of ordinary firmness from continuing in the activity; and (3) the adverse action was motivated "at least in part" by the exercise of the protected activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)

The defendants do not dispute that Stebbins can satisfy the first element – he engaged in a statutorily protected activity.  Defendants admit that, over the years, according to Stebbins' Complaint, that he has filed a number of lawsuits in various courts. (DE 2, ¶ 16)  defendants however deny that, prior to Stebbins' filing his Complaint in which he specifically identifies a number of lawsuits he has filed, they had any personal knowledge of Stebbins' litigation history.

Defendants do, however, dispute whether or not Stebbins will be able to or has satisfied the second element – he suffered an adverse action that would chill a person of ordinary firmness from continuing in the activity.  Stebbins has not alleged that he is afraid or even hesitant to file future lawsuits.  If history is an indicator of what is to come, the odds of Stebbins continuing to file lawsuits is close to 100%.

It is Stebbins' argument regarding the third element - the adverse action was motivated "at least in part" by the exercise of the protected activity - that is most damaging to his argument.  In his Complaint, Stebbins cites to several of the lawsuits he has filed over the years. (DE 2, ¶ 16)  Stebbins then argues the defendants were on notice by "judicial notice" that there were other lawsuits out there that he had filed. (DE 2, ¶ 39)  He supports this argument by claiming that the Motion to Enforce Mandate as well as other pleadings he filed were all filed as a

public record in case CV-16-16, which are available for viewing free of charge. Stebbins argues the judges *could have* looked at the website (for free) and noted his litigation history, thereby making them aware of his past. (*Id.*)

In addition, Stebbins describes this alleged disdain every employee of the State of Arkansas has for him, and how at every turn, they have "harassed, badgered, bullied, and persecuted him" – all of which the defendants *could have* been made aware of, which would therefore have made them aware of his extensive litigation history. (DE 2, ¶ 17)  Following Stebbins' theory, the defendants would have become so biased at what they saw in the public record that they would ultimately decide to not to grant his Motion to Enforce the Mandate – a mandate that did not direct the circuit court or court clerk to take any action.  Stebbins' logic is nonsensical and is not supported by the statements in his own Complaint.  For the reasons stated, Judges Hixson, Glover, and Whiteaker are entitled to the dismissal of Stebbins' 1983 claim as he has failed to allege facts upon which relief can be granted.

D.    <u>Stebbins is not entitled to the relief sought.</u>

In his Complaint, Stebbins identifies two forms of injunctive relief he is seeking in this matter; however, neither of these two requests are directed to Judges Hixson, Glover, or Whiteaker.  First, Stebbins asks this Court to order the Circuit Court (a non-party) to reopen Boone County Case No. 2012-85-4 and allow Stebbins to file pleadings in it in an effort to "resolve" the "unresolved" eight claims. Stebbins' first request is now moot, as a final Order addressing the eight claims was

entered on November 1, 2017. Stebbins has a copy of the Order and in fact attached it to one of his pleadings in Case No. CV-16-16.

Stebbins' second request, which is to obtain "an everlasting injunction against the State of Arkansas to permanently and perpetually cease and desist retaliating against me for any act of ADA retaliation" is against the State of Arkansas. Should Stebbins obtain proper service on the State of Arkansas, this request would be addressed at that time; however, it can be affirmatively stated that Stebbins is not being retaliated against by anyone or anything, including the State of Arkansas. His requests are without merit.

Stebbins is not seeking monetary damages against the three judges; however, to the extent he is, his claims must fail as he is not entitled to monetary relief against state employees in their official capacity. For the reasons stated below, the defendants are entitled to the dismissal of all claims against them. Stebbins' Complaint should be dismissed with prejudice.

<div style="margin-left: 40%;">

Respectfully submitted,

Leslie Rutledge
Attorney General

By:   /s/ Christine A. Cryer
Arkansas Bar No. 2001082
Sr. Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 683-0958
Fax: (501) 682.2591
Chrisitne.cryer@arkansasag.gov

</div>

<div style="text-align: center;">14</div>

## <u>CERTIFICATE OF SERVICE</u>

I, Christine A. Cryer, Senior Assistant Attorney General, do hereby certify that on January 24, 2018, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

I, Christine A. Cryer, hereby certify that on January 24, 2018, I mailed the document by U.S. Postal Service to the following non CM/ECF participant:

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601

/s/  Christine A. Cryer _____

15