US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 03 2018

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                            PLAINTIFF

VS.                        CASE NO. 3:18-cv-03040

KENNETH HIXSON, DAVID GLOVER,                                DEFENDANTS
PHILLIP WHITEAKER, AND THE STATE OF ARKANSAS

## MOTION TO TRANSFER FOR LACK OF PROPER VENUE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion to Transfer this case back to the Eastern District of Arkansas for lack of proper venue in this district.

1.  If this Court wishes to deny this Motion, please note that it cannot issue an order without any explanation.

    (a)  See US v. Burrell, 622 F. 3d 961, 964 (8th Cir. 2010) ("We have held that a district court need not give lengthy explanations ... but this does not permit a district court to give no explanation for its decision").

    (b)  See also Rayes v. Johnson, 969 F. 2d 700, 704-705 (8th Cir. 1992)

    "The district court may have had reason to deny Rayes' request for subsequent counsel, but no explanation appears in the record. The request was summarily denied twice."

    (c)  See also Slaughter v. City of Maplewood, 731 F. 2d 587, 589 (8th Cir. 1984)

    "[W]e nevertheless find it necessary to remand because we cannot determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion."

    (d)  See also Foman v. Davis, 371 US 178, 182 (1962)

    "[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

(e) See also Gulf Oil Co. v. Bernard, 452 US 89, 103 (1981)

> "We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order."

(f) See also US v. Walters, 643 F. 3d 1077, 1080 (8th Cir. 2011) ("given the lack of specific findings and the evidence in the record, we find that the district court abused its discretion").

(g) See also Jarrett v. ERC Properties, Inc., 211 F. 3d 1078, 1084 (8th Cir. 2000) ("The district court's good faith finding was stated in conclusory fashion with no explanation ... Therefore, the court abused its discretion").

(h) See also Thongvanh v. Thalacker, 17 F. 3d 256, 260 (8th Cir. 1994) ("A careful review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award of $4,000 is restored").

(i) See also Purcell v. Gonzalez, 549 US 1, 8 (2006) ("There has been no explanation given by the Court ... we vacate the order of the Court of Appeals")

(j) See also Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 US 501, 513 (1984)

> "Thus not only was there a failure to articulate findings with the requisite specificity but there was also a failure to consider alternatives to closure and to total suppression of the transcript. The trial judge should seal only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected."

(k) See also United States v. Grinnell Corp., 384 US 563, 579 (1966) ("The District Court gave no explanation for its refusal to grant this relief. It is so important and customary a provision that the District Court should reconsider it").

(l) See also Delaware v. Van Arsdall, 475 US 673, 680 (1986) ("In so doing, it offered no

explanation why the Chapman harmless-error standard ... is inapplicable here.")

2. The Eastern District of Arkansas transferred this case to the Western District without issuing any explanation whatsoever. Just on that reason alone, the Eastern District of Arkansas abused its discretion, as laid out above.

3. Venue is not proper in this District. See Doc. 2, ¶ 6.

> "Venue is proper in this Court as well. In fact, it would not be proper in any other court. The current lawsuit is for actions committed by appellate court justices committed in their enforcement (not judicial) capacity. While the actions of an agent of Boone County may be relevant to determining whether the Defendants' actions were unconstitutional, that alone does not mean the unconstitutional actions occurred in Boone County. I might as well be from a completely different state while dealing with the AR Court of Appeals."

4. Rules which govern proper venue include, but are not limited to, (1) the convenience of the parties; (2) the convenience of the potential witnesses; (3) the accesibility to the records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum's substantive law. See Terra Int'l, Inc. vs. Mississippi Chemical Corp., 119, F.3d 688, 696 (8th Cir. 1997).

5. Here, nearly all factors strongly weigh in favor of transfer back to the Eastern District.(1) All of the events giving rise to the claims occurred in the City of Little Rock. See Doc. 2, ¶ 6 ("While the actions of an agent of Boone County may be relevant to determining whether the Defendants' actions were unconstitutional, that alone does not mean the unconstitutional actions occurred in Boone County"); (2) all of the fact witnesses so far listed appear to reside in the City of Little Rock, with the exception of the pro se plaintiff, (3) the relevant records and documents are stored in the Arkansas Court of Appeals, which is located in little rock, and (4) the defendants all work in Little Rock.

6. In deciding whether transfer is in the "interest of justice," courts consider factors such as:

(1) judicial economy (2) the plaintiff's initial forum choice; (3) the comparative costs to both parties of litigating in the different forums; (4) enforceability issues for any resulting judgment; (5) obstacles to a fair trail; (6) conflict of law concerns; and (7) the advantage of having a local court determine questions of local law. Terra Int'l, 119 F3d at 696.

7. Factors 1, 5, 6, and 7 are all neutral to a transfer; both districts are equally well equipped for those factors. Factor No. 2 is unquestionably in favor of a transfer.

8. Factor No. 3 is also in favor of a transfer, though it is less obvious. Since this District no longer has an open Court in the City of Harrison, I would have to travel to another city regardless to hold a jury trial. So the costs of litigating are the same for me regardless. That means that the tie should be broken by the defendants' cost of litigating ... which favor a transfer back to the Eastern District.

9. As for enforceability of any resulting judgment, this also favors transfer back to the Eastern District. I seek a prospective, everlasting injunction to stop retaliating against me, and I seek this injunction against the entire State of Arkansas. Common sense dictates that the injunction, if I get it, would best be enforced by the Eastern District, since that is the District that oversees the state capital.

10. So as you can clearly see, venue is clearly improper in this District. Not only would a transfer back to the Eastern District of Arkansas be proper, but it would be improper for this Court to adjudicate this case.

11. I have no objections if this Court wished to invite Eastern District Judge James Moody to provide a response in opposition to this Motion alongside the current Defendants to provide the explanation for this transfer he never gave but which is legally mandated by dozens of binding precedents.

12. So requested on this, the 3rd day of April, 2018.

                                                      David Stebbins
                                                      123 W. Ridge St.,
                                                      APT D
                                                      Harrison, AR 72601
                                                      870-204-6516
                                                      stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.,
ATP D
Harrison, AR 72601

U.S. District Court
35 East Mountain Street, Room 510
Fayetteville, Arkansas 72701-5354

72701-535335