## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

DAVID A. STEBBINS                                                          PLAINTIFF

V.                                    CASE NO. 3:18-CV-03040

KENNETH HIXSON; DAVID GLOVER;
PHILLIP WHITEAKER; and STATE OF ARKANSAS               DEFENDANTS

### OPINION AND ORDER

Now before the Court are three ripe motions: a Motion to Transfer (Doc. 31), filed

by Plaintiff David A. Stebbins, a Motion to Dismiss (Doc. 14) filed by Defendants

Kenneth Hixson, David Glover, and Phillip Whiteaker, and a Motion to Dismiss (Doc. 23)

filed by Defendant State of Arkansas.[1]  The Court will consider and resolve all three

Motions in the following discussion.

By way of background, this case was transferred to this District on April 2, 2018,

*see* Doc. 28, by the Honorable James M. Moody, Jr., United States District Judge for

the Eastern District of Arkansas.  In the transfer order, Judge Moody noted that the

interests of justice would best be served by transferring the case to this District because

the majority of facts occurred in Boone County, which is located in the Western District

of Arkansas.  Plaintiff also resides in Boone County.  On April 3, 2018, Mr. Stebbins

filed a Motion to Transfer the matter back to the Eastern District, *see* Doc. 31, arguing

---

[1] A fourth motion, one for default as to Defendant State of Arkansas, was also filed by Mr. Stebbins, *see* Doc. 17.  The State of Arkansas contends it was not properly served, but it nevertheless filed a responsive pleading in this matter and has been actively litigating this case.  The Motion (Doc. 17) is **DENIED** without further discussion.  "The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." *Fed. Trade Comm'n v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977) (per curiam).

that venue is not proper in the Western District, and that the majority of facts actually occurred in Little Rock, which is in the Eastern District.

After consideration of the Motion to Transfer (Doc. 31), it is hereby **DENIED**. Judge Moody's decision to transfer the case to this District was, indeed, in the interests of justice, for the reasons given in the transfer order and for the following reasons, as well. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Here, the Plaintiff resides in the Western District, and he suffered all alleged injuries in this District. In addition, the facts in the instant case are directly related to and flow from the claims he made in a prior lawsuit brought against the State of Arkansas and the Boone County Circuit Court Clerk in Case Number 3:17-CV-0316, which the undersigned presided over and dismissed with prejudice on April 14, 2017.[2]

Further, the Court believes that the only reason why Mr. Stebbins filed the instant lawsuit in the Eastern District, when, for the reasons stated above, it clearly should have been filed in the Western District, was either to avoid judicial review by the undersigned, who is very familiar with these facts, or to avoid the filing restrictions that were imposed upon him by the Honorable P.K. Holmes, III, Chief United States Judge for the Western District of Arkansas, in *David A. Stebbins v. Rita F. Stebbins and David D. Stebbins*,

---

[2] The Court of Appeals for the Eighth Circuit summarily affirmed this Court's order of dismissal on October 3, 2017. *See David A. Stebbins v. State of Ark. and Boone Cnty. Circuit Court Clerk*, Case No. 3:17-CV-03016, Doc. 63-1.

Case No. 3:12-CV-03130, Doc. 10. These filing restrictions limit Mr. Stebbins to filing one federal lawsuit in the Western District of Arkansas per every three calendar months. They further enjoin him from filing any such lawsuit unless he first: (1) posts a $100 refundable bond with the Clerk of Court (to be forfeited if the case fails to pass a pre-screening review for frivolousness or for failure to state a claim, or if Mr. Stebbins fails to behave in accordance with Federal Rule of Civil Procedure 11), (2) attaches to his complaint a copy of the order imposing the filing restrictions, and (3) attaches a signed affirmation that states the date of his most recent prior filing of a new case in this District. *See id.* at 6.[3] For all of these reasons, venue is properly laid in this District, and the Court will now turn to the matter of Defendants' Motions to Dismiss.

In the case at bar, Mr. Stebbins claims that three Arkansas Court of Appeals judges—Defendants Hixson, Glover, and Whiteaker—violated his statutory and constitutional rights when they jointly denied a motion he filed in his appellate case, *David A. Stebbins v. David D. Stebbins*, Case No. CV-16-16 (Ark. Ct. App. 2017). The motion in question concerns the mandate that was issued in the case by the Arkansas Court of Appeals on September 6, 2017. According to the opinion accompanying the mandate, the Court of Appeals determined that it lacked jurisdiction to hear Mr. Stebbins's appeal, since "a final order [of the trial court] ha[d] not been entered disposing of all the claims."

---

[3] The Court of Appeals for the Eighth Circuit affirmed these filing restrictions on September 26, 2014, observing that "Stebbins has proceeded in forma pauperis on at least sixteen complaints that proved meritless, and has filed numerous frivolous motions, since May 2010 . . . ." *Stebbins v. Stebbins*, Case No. 3:12-CV-03130, Doc. 36-1, p. 2.

Soon after the mandate entered, the trial court reopened Mr. Stebbins's case, and a new judge was assigned to the matter. But on September 27, 2017, Mr. Stebbins filed before the Court of Appeals a motion and brief to enforce the Court's mandate. Even though Mr. Stebbins was aware that his case had been reopened at the trial court level, he nonetheless asked the Court of Appeals "to issue whatever writs, orders, or sanctions it feels appropriate in order to enforce its mandate on September 6, 2017," and to "caution" the new presiding judge that Mr. Stebbins is "entitled to due process of law." The Court of Appeals briefly denied Mr. Stebbins's motion on October 25, 2017. Mr. Stebbins responded by filing the instant lawsuit against the Court of Appeals judges who presided over his appeal, and against their employer, the State of Arkansas. The lawsuit, filed on October 31, 2017, claims that when Judges Hixson, Glover, and Whiteaker denied his motion to enforce the mandate, they and/or the State of Arkansas engaged in First Amendment retaliation in violation of 42 U.S.C. § 1983, and in retaliation pursuant to the American with Disabilities Act (as Mr. Stebbins is disabled).

On November 1, 2017, the trial court judge who had been assigned to Mr. Stebbins's case issued a final, appealable order as to the disposition of all claims. Rather than simply appeal this final order to the Court of Appeals, Mr. Stebbins elected instead to file a second motion to enforce the mandate on November 3, 2017. The second motion was also denied. Since then, Mr. Stebbins has doggedly persisted in litigating the instant claims against the judges and the State in federal court.

The facts above speak for themselves. This case is frivolous and will be dismissed with prejudice. Not only has Mr. Stebbins failed to state any claims for which

relief may be granted as per Rule 12(b)(6), but he has also sued three appellate court judges and the State of Arkansas without regard to the fact that the judges are immune from suit for performing functions in their judicial capacities—as the Defendants did here, when they denied Mr. Stebbins's motions in his appellate case. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (explaining judicial immunity). As for Mr. Stebbins's claims against the State, he references a "longstanding vendetta" against him by "[t]he State of Arkansas, and all of her employees," due, allegedly, to the State's "disdain" for his habit of filing lawsuits. (Doc. 2, p. 4). Section 1983 claims for damages are not cognizable against a state, absent its explicit consent to suit, due to the sovereign immunity conferred by the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 338-45 (1979). Moreover, Mr. Stebbins's demand that the Court issue "an everlasting injunction against the State of Arkansas" to protect him against all perceived future wrongs that the government and its employees may commit against him is, in a word, ludicrous.

IT IS THEREFORE ORDERED that the Motion to Dismiss (Doc. 14) filed by Defendants Kenneth Hixson, David Glover, and Phillip Whiteaker, and the Motion to Dismiss (Doc. 23) filed by Defendant State of Arkansas are both **GRANTED**. This case is **DISMISSED WITH PREJUDICE**, and a final judgment will enter for the reasons stated in this Opinion.

IT IS FURTHER ORDERED that Plaintiff David A. Stebbins is **CAUTIONED** against filing lawsuits in the Eastern District of Arkansas when the venue for those lawsuits is more properly laid in the Western District of Arkansas. The Court finds that

Mr. Stebbins's recent practice of filing lawsuits in the Eastern District and waiting for them to be transferred to the Western District is a transparent end-run around this Court's filing restrictions, which were imposed on him in Case Number 3:12-CV-03130, Doc. 10. If he continues this practice, he may be subject to further sanctions, including, but not limited to, the immediate dismissal of any future complaints that are filed by him in the Eastern District and then transferred to the Western District due to improper venue.

**IT IS SO ORDERED** on this ___8th___ day of May, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**MAY 0 8 2018**

DOUGLAS F. YOUNG, Clerk
**By**
    Deputy Clerk