US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAY 11 2018

DOUGLAS F. YOUNG, Clerk
By
                    Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                    PLAINTIFF

VS.                        CASE NO. 3:18-cv-03040

KENNETH HIXSON, DAVID GLOVER,                                        DEFENDANTS
PHILLIP WHITEAKER, AND THE STATE OF ARKANSAS

## MOTION AND BRIEF FOR RECONSIDERATION AND TO RECUSE

Comes now, *pro se* Plaintiff David Stebbins, who asks this Court to reconsider its judgment in the above-styled action.

### This court improperly made findings of fact on a motion to dismiss.

1.  This Court has railroaded my right to court access by making arbitrary determinations.

2.  This Court made the following findings of fact when making its decision:

    - The trial court re-opened the case.

    - I knew that the trial court had re-opened the case.

    - The trial judge issued a final, appealable order.

    - The individual defendants acted in their judicial capacities.

    - The adverse actions were not done out of retailiatory animus.

3.  All of these findings of fact directly contradict what was claimed in the Complaint. The Complaint clearly alleged the following facts:

    - The Circuit Clerk openly refused to re-open the case.

    - The individual defendants acted in their enforcement capacities.

    - The trial judge refused to take any action in the state case.

    - The adverse actions were taken out of retaliatiory animus.

4.  When reviewing a complaint for failure to state a claim, the Court must accept the

Plaintiff's facts as true. See Norman v. Missouri Pacific Railroad, 414 F. 2d 73, 79 (8th Cir. 1969) ("In considering a motion to dismiss, the well pleaded allegations of the complaint must be viewed as true and in a light most favorable to the complainants."). Just on this reason alone, this Court should not have granted the Defendants' Motion to Dismiss.

5. I therefore ask this Court to re-open this case and reconsider the Motion to Dismiss while considering all of the factual allegations as true. "Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be 'strange, but true; for truth is always strange, Stranger than fiction.'" See Denton v. Hernandez, 504 US 25, 33 (1992).

### The Court's threatened sanction is unconstitutional.

6. This Court has threatened that I may be subject to *immediate* dismissal of my claims if I file another case in the Eastern District that is transferred to the Western District. In other words, I would not even be allowed to tell my side of the story. This Court has *implied* that it will issue these sanction even if I felt in good faith that the case was better suited for the Eastern District.

7. This sanction is entirely unconstitutional. I have an absolute right to tell my side of the story and have that side considered by an impartial judge.

### This Court's familiarity with my litigation history is precisely why venue is improper in this district.

8. This Court has stated that one of the reasons venue is proper in this district is because this Court is familiar with my litigation history. It accuses the Plaintiff of attempting to evade venue in this District to avoid review by this Judge.

9. In fact, that is precisely the reason why this Court shouldn't exercise venue in this case: Because it is too close to the situation and therefore already has its mind made up about the facts

of the cases.

10.     If a juror were in the same position as Judge Brooks – being intimately familiar with the facts of the case and not caring what my side of the story was or what evidence I have to support it – that juror would be instantly relieved of jury duty since it could not be trusted to decide the case impartially.

11.     Bear in mind that judicial proceedings must not only *be* fair and impartial; they must also *appear* fair an impartial. By this Court's own admission, it suspects I am evading venue in this district because it believes I suspect it of being biased against me.

12.     Therefore, I ask this Court to reconsider its motion to transfer. If it will not transfer jurisdiction back to the Eastern District, I ask that it, at the very least, assign another judge from the Western District to handle my cases from now on, as well as to reconsider the Motion to Dismiss with a more objective and disinterested mindset. After all, by this Court's own admission, it is trying to warn me against obtaining review form a judge he thinks I believe would be more fair to me; that is a clear abuse of power, a clear abuse of discretion, a clear manifestation of judicial bias.

So requested on this, the 10th day of May, 2018.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com