Case 3:18-cv-03040-TLB     Document 40     Filed 06/20/18     Page 1 of 6 PageID #: 178

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUN 20 2018

DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                PLAINTIFF

VS.                       CASE NO. 3:18-cv-03040

KENNETH HIXSON, DAVID GLOVER,                                    DEFENDANTS
PHILLIP WHITEAKER, AND THE STATE OF ARKANSAS

## MOTION AND INCORPORATED BRIEF IN SUPPORT THEREOF FOR RELIEF OF JUDGMENT IN LIGHT OF NEWLY DISCOVERED EVIDENCE UNDER FRCP 60(b)

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Relief of Judgment in light of newly discovered evidence that could not have been discovered in time to be included in the previous motions for summary judgment.

1. Before we continue, I want to remind the court of two important restrictions on its power (especially since a magistrate judge is being appointed to hear some of these motions now).

    (a) First, this Court cannot issue a ruling on this motion without providing an explanation. To do so constitutes an automatic abuse of discretion.

    i. See US v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010) ("We have held that a district court need not give lengthy explanations ... but this does not permit a district court to give no explanation for its decision"); see also Rayes v. Johnson, 969 F.2d 700, 704-705 (8th Cir. 1992) ("The district court may have had reason to deny Rayes' request for subsequent counsel, but no explanation appears in the record. The request was summarily denied twice.")

    ii. See also Slaughter v. City of Maplewood, 731 F.2d 587, 589 (8th Cir. 1984) ("we neverthe-less find it necessary to remand because we cannot determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion")

iii. See also Foman v. Davis, 371 US 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.")

iv. See also Gulf Oil Co. v. Bernard, 452 US 89, 103 (1981) ("We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order.")

v. See also US v. Walters, 643 F. 3d 1077, 1080 (8th Cir. 2011) ("given the lack of specific findings and the evidence in the record, we find that the district court abused its discretion").

vi. See also Jarrett v. ERC Properties, Inc., 211 F. 3d 1078, 1084 (8th Cir. 2000) ("The district court's good faith finding was stated in conclusory fashion with no explanation ... Therefore, the court abused its discretion").

vii. See also Thongvanh v. Thalacker, 17 F. 3d 256, 260 (8th Cir. 1994) ("A careful review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award of $4,000 is restored").

viii. See also Purcell v. Gonzalez, 549 US 1, 8 (2006) ("There has been no explanation given by the Court ... we vacate the order of the Court of Appeals")

ix. See also Press Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 US 501, 513 (1984) ("Thus not only was there a failure to articulate findings with the requisite specificity but there was also a failure to consider alternatives to closure and to total suppression of the transcript. The trial judge should seal only such parts of the

       transcript as necessary to preserve the anonymity of the individuals sought to be protected.")

       x.    See also United States v. Grinnell Corp., 384 US 563, 579 (1966) ("The District Court gave no explanation for its refusal to grant this relief. It is so important and customary a provision that the District Court should reconsider it").

       xi.    See also Delaware v. Van Arsdall, 475 US 673, 680 (1986) ("In so doing, it offered no explanation why the Chapman harmless-error standard … is inapplicable here.")

(b)    Second, this Court cannot deny this motion for any reason except those reasons that are advanced by the parties.

       i.    See Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011) ("Under [the adversarial system], courts are generally limited to addressing the claims and arguments advanced by the parties. Courts do not usually raise claims or arguments on their own")

       ii.    See also Sanchez-Llamas v. Oregon, 548 US 331, 356-57 (2006) ("The consequence of failing to raise a claim for adjudication at the proper time is generally forfeiture of that claim. As a result, rules such as procedural default routinely deny 'legal significance' … to otherwise viable legal claims").

       iii.    See also Sayre v. Musicland Group, Inc., 850 F. 2d 350, 353 (8th Cir. 1988) (failure to plead affirmative defenses constitutes waiver of that defense, even if not specifically listed in Rule 8(c)).

       iv.    See also Sartin v. Commissioner of Pub. Saf. of St. of Minn., 535 F. 2d 430, 433 (8th Cir. 1976) (same).

2.    With that said, on with the motion itself.

3. On June 7, 2018, a Notice of Appeal was filed in the above-styled action. An application was also filed, seeking leave to proceed on appeal in forma pauperis. Later that same day, the Defendants filed a Response in Opposition to this application.

4. In support of their contention that I should not be granted leave to appeal without prepayment of fees, the Defendants make one argument and one argument only: I have filed multiple appeals already.

5. In other words, they use my litigation history – and only my litigation history – to justify their belief that I should be denied access to the courts.

6. The Defendants do not even offer any proof that these appeals were frivolous … only that these appeals existed. To them, the sheer volume of appeals alone makes me worthy of being deprived of access to the courts.

7. In doing so, the Defendants have once again admitted to holding a vendetta against me, maintaining that I deserve to be sanctioned, persecuted, and denied my rights because of my supposed "abuse" of the court system.

8. This is the very attitude that I filed this lawsuit in the first place to seek to redress.

9. In their defense in this case, the Defendants maintained that they had no knowledge of my litigation history and, therefore, couldn't have retaliated against it even if they wanted to. Setting aside the fact that this was a bald-faced lie and I absolutely would have been able to

10. This causes the odds that they acted with such a vendetta while engaging in the adverse actions which spawned this lawsuit in the first place to increase astronomically. The State of Arkansas clearly holds a vendetta against me for my litigation history and wants to see me punished for it. You honestly want to tell me that they only developed this desire to persecute me

recently?

11. This is relevant evidence that the Defendants are committing ADA and First Amendment Retaliation against me, and it astronomically increases the likelihood that they have been acting with a similar retailiatory animus this whole time.

12. Think about it this way: This is the equivalent of a small business owner winning a sexual harassment lawsuit against one of his employees, and then immediately walking up and slapping the plaintiff on her butt. Such an act would undoubtedly raise suspicions in the judge's eyes whether the verdict was accurate, wouldn't it? A similar response should be given here.

13. This evidence could not, with due diligence, have been discovered in time for the previous judgment, due to the simple fact that the incriminating document did not even exist until June 7, 2018. Therefore, it falls squarely within the criteria listed in Fed.R.Civ.P. 60(b)(2).

14. I therefore ask this Court to allow me to present this evidence – in combination with the evidence I was already planning to present – to a jury for its consideration.

15. So requested on this, the 14th day of June, 2018.

*[signature]*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 76201
870-204-6516
stebbinsd@yahoo.com



PURPLE HEART

RECEIVED
WD/AR
JUN 2 0 2018
U.S. CLERK'S OFFICE

ARKANSAS
19 JUN 20..

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601

U.S. District Court
35 East Mountain Street, Room 510
Fayetteville, Arkansas 72701-5354

72701-535354


